# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:  **Sandra Louise Rothwell**                    Case No.

                                                    **CHAPTER 13 PLAN**

                          Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $___**675.61**___ each month for __**60**__ months.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|------|----------|------|---------------------|--------------|--------------------------------------|----------------------------|----------------------------|------------------------------|
| ☐ | ☒ | **Toyota Financial Services** | | 9,170.82 | 0.00 | 186.27 | | 5.00 |
| ☒ | ☐ | **Contra Costa County Assesor** | 105,000.00 | | 0.00 | 227.17 | | 18.00 |
| ☒ | ☐ | **Ocwen Loan** | 105,000.00 | | 0.00 | 106.92 | 5,136.24 | 5.94 |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid __**Pro Tanto**__ %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:
   Name                                          Monthly Payment
   **Ocwen Loan**                                  **1,712.08**

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):
   **Special Intentions:**
   **Regions Mortgage: Debtor(s) intend to avoid lien. Debtor owes $322, 993.86 on her first mortgage. The fair market value of her residence is approximately $105,000. Debtor owes $75, 366.80 on a second mortgage to Regions Mortgage. Due to the fact that debtor owes more on her first mortgage than her home is worth, there is no equity in Debtor's residence, thus Debtor intends to have her residence valued at its fair market value and avoid the second lien of Regions Mortage.**

Dated:    Sept. 10, 2012              /s/ Sondra Louise Rothwell
                                        (Debtor)                              (Debtor)

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

In re: **Sandra Louise Rothwell**                    Case No.

                                        **CHAPTER 13 PLAN - Continuation Sheet**

_____
                      Debtor(s).

I/We ___**Jennifer Tuffnell 135902**___ am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.


_____
                   Attorney for Debtor(s)

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                            Best Case Bankruptcy